UNITED STATES *v.* HOLLIS.

*(District Court, W. D. South Carolina. August 16, 1890.)*

WITNESS—COMPETENCY—CRIMINAL LAW.

 20 U. S. St. at Large, 30, which provides that a defendant charged with crime shall, at his own request, but not otherwise, be a competent witness, does not render competent a defendant who, by previous conviction of an infamous crime, has lost the privilege of testifying.

At Law.

The defendant being on trial for violating section 5392, Rev. St., (perjury,) was called as a witness in his own behalf. The district attorney objected, producing the record of his conviction for an infamous crime, making him incompetent.

*A. Lathrop,* U. S. Dist. Atty.

*A. Blythe,* for defendant.

SIMONTON, J. The act of 16th of March, 1878, (20 St. at Large, 30,) provides that a defendant charged with crime shall, at his own request, but not otherwise, be a competent witness; that is to say, he shall not labor under disability because he is a party in interest, and, not-

withstanding this, may testify. But when a party offers himself as a witness in his own behalf he must be treated as any other witness, and is subject to any exception which would apply to any other witness. In other words, the act frees him from a disability. It does not confer on him any peculiar exemption. So when a defendant is put on the stand as a witness his general character for truth may be attacked, and if he, by his conduct, had lost the privilege of testifying in courts of justice by the commission of an infamous crime, this will attach to him, and prevent him from testifying in his own behalf.